# Loeb & Loeb v. Waller.

*Motion to Quash Sheriff's Return of an Execution.*

1. *Execution; sufficiency of evidence to impeach sheriff's return.*—The evidence required to impeach or falsify a return upon a process must be very clear and decisive, and sufficient to rebut the very strong presumption which the law allows in favor of the truth of the statements of its officers.

2. *Same; delivery of possession when property recovered in action of detinue.*—In the levy of an execution on a judgment recovered by plaintiff in an action of detinue brought to recover a plastered partition wall, in order to put the plaintiff in possession, it is not necessary for the officer to tear down the wall and deliver to plaintiff the lumber, laths and plaster which compose it; and where the officer takes the plaintiff to the wall and pointing to it, says: "There is your wall; I put you in possession," there is made the only delivery he could make, or that the law required him to make; and the fact that after such a delivery the defendants in said action, by force prevented the plaintiff from moving the wall, does not show that the sheriff made a false return upon an execution, when he certified that he had delivered the wall to the plaintiff.

Appeal from the Circuit Court of Montgomery.
Tried before the Hon. JOHN R. TYSON.

The appellants, Loeb & Loeb, brought an action of detinue against Kaufman & Weil and the Singer Manufacturing Company, to recover personal property which was described in the complaint, as follows: "A wall built of wood, plastering and other materials, which now divides the stores occupied by the Singer Manufacturing Company and Kaufman & Weil, and running from the front to the the back and also at right angles to said wall, cutting off alley at back of store of Kaufman & Weil, of what is known as the first floor of the Pollak Building on the corner of Dexter Avenue and Perry Street, which said building is owned by D. Wright, but rented by said Singer Manufacturing Company and Kaufman & Weil, said wall being the same which was put in by plaintiffs under a contract with defendants, that the same was to be removed at the pleasure of plaintiffs, with the value of the hire or use thereof during the detention from the 1st day of October, 1892." In this suit there was judgment for the plaintiffs, that they recover the property sued for, or its alternate value, which was assessed at $175. Execution was issued upon this judgment, in which the property sued for and recovered was described as set out in the complaint, and was returned with the following endorsement thereon: "Executed by putting the plaintiffs, Loeb & Loeb, in possession of the property described in the within writ, this, the 8th day of April, 1893. W. R. Waller, Sheriff, by C. E. Parks, D. S." Subsequent to this return, the plaintiffs made a motion in the circuit court to vacate and quash the return of the execution in said cause, upon the ground that said return was untrue. The facts as shown by the evidence introduced in support of said motion, the substance of which was averred in said motion, was as follows: The sheriff, through his deputy sheriff, in company with one of the plaintiffs, went to the storehouse occupied by Kaufman & Weil, which was inclosed on one side by the wall in controversy, and after telling Kaufman & Weil that he had come for the purpose of putting plaintiffs in possession of the wall which they had recovered, he pointed out the wall to the plaintiffs, saying, "There is your wall, I put you in possession of it." The member of the plaintiffs' firm who was present asked the deputy sheriff if it was not his duty, as an officer, to take the wall down and deliver it to

him.   To this the officer replied that he did not think it was.   Thereupon the officer, in company with one of the plaintiffs, went to the store adjoining, which was occupied by the Singer Manufacturing Company, and put the plaintiff in possession of the said wall in the same manner.   It was shown that this wall was constructed of timber, plastering and lathes, and could not be removed without being torn down.   It was also shown that in each of the stores which was divided by said wall, there was property belonging to the defendants, Kaufman & Weil and the Singer Manufacturing. Company, against the walls, and that each of these defendants forbade the plaintiffs from interfering with their said property ; and that when one of the plaintiffs undertook to take possession of said wall by removing the goods, and knocking the wall down, each of the defendants had such one of the plaintiffs arrested.

Upon this evidence, the court overruled the motion to quash the return of the sheriff, and to this ruling the plaintiffs duly excepted.   The present appeal is from the judgment of the court overruling this motion, and the rendition of said judgment is assigned as error.

JOHN G. WINTER and RAY RUSHTON, for appellants.— The court has the inherent power to prevent an abuse of its own process, and hence to set aside a false return, the sheriff and defendants in the original cause having been made parties to the motion.—*Harkins v. Clemens*, 1 Porter 30 ; *Haden v. Walker*, 5 Ala. 86; *Dunklin v. Wilson*, 64 Ala. 162; *Hensley v. Rose*, 76 Ala. 373.   Section .2719 of the Code requires the value of the property sued for, to be ascertained, and the judgment must be for the property sued for, or its alternate value.

2.   The defendant has the right to deliver the property in satisfaction of the writ, and the plaintiff must accept it, if tendered.   If the property can not be had, then plaintiff is entitled to the benefit of his writ for the alternate value ; or if its delivery is interfered with, or prevented by the action of the defendant, plaintiff may elect to enforce his alternate writ for its value ; for by this action of the defendant, he waives his right to satisfy the writ by a return of the property.   The effect of the return of the writ by the sheriff, is to satisfy it, and a new execution can not issue without this return being

vacated by the court.—*Harkins v. Clemens*, 1 Porter 30;
*Haden v. Walker*, 5 Ala. §5.

LESTER C. SMITH, *contra*.—1. One controlling princi-
ple in this form of action is that to maintain it, the
plaintiff must have as against the defendant, a present
unqualified right to the possession of the chattel in its
present form. "If there by any preliminary act or con-
dition precedent to be performed before the unqualified
right of possession attaches, then detinue can not be
maintained."

The plaintiff having accepted the wall from the sher-
iff, its delivery was complete, any subsequent interfer-
ence with their possession by the defendants, or any one
else, might give them a right of action against the
wrongdoer or trespasser, but certainly could not have
the effect of putting the property back in the sheriff's
hands. If the delivery were not sufficient, the sheriff
would be allowed to make a good delivery. The plain-
tiff elected to bring detinue and if the remedy is insuffi-
cient it is his own fault, and he must abide the execu-
tion of the process of that action. The sheriff made the
only delivery that was possible of the wall as a "chattel
in specie."—*Cooper v. Watson*, 73 Ala. 252; *Seals v. Ed-
mondson*, 72 Ala. 295.

HEAD, J.—"The evidence required to impeach or fal-
sify a return must be sufficient to rebut the very strong
presumption which the law allows in favor of the truth
of the statement of its officer, and must therefore be very
clear and decisive."—22 Am. & Eng. Encyc of Law,.
196, and many authorities cited in note. Some cases
require (though we do not commit ourselves to that pro-
position) that the return being the statement of a sworn
officer, who is disinterested, the testimony of more than
one witness is required to prove it false.—*Ib*. 197, note
2. And this in a direct proceeding, like the present, to
quash the return.

The testimony leaves us entirely satisfied that the
sheriff made to the plaintiffs in the writ the only delive-
ry of the plastered wall which he could, or was required
by law to make; and not only this, but that the plain-
tiffs accepted the delivery, and took charge of, and be-
gan the removal of the wall. The fact that the defen-

dants in the writ, afterwards interposed, and by force, prevented the plaintiffs from completing the removal, does not show that the sheriff falsely certified when he returned that he had delivered the wall to the plaintiffs. They, the plaintiffs, had their remedy against the wrong-doers who prevented the removal. The sheriff was right when he said to the plaintiffs that he was not required to deliver to them a lot of lumber, laths and plaster, which he would have been necessarily compelled to do, had he torn down the wall, as the plaintiffs seem to think was his duty to do.

The judgment of the circuit court was right, and is affirmed.